UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

MARK B. OLIN

    Plaintiff,

v.

JACOB LAW GROUP, a Mississippi Limited Liability Company.

    Defendant

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered foreign corporation with the Colorado Secretary of State, having a registered agent at 1675 Broadway, Ste 1200, Denver, Colorado 80202.

## PARTIES

8. Plaintiff Mark B. Olin is a natural person who resides in the City of Fort Collins, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff Jacob Law Group is a Mississippi limited liability company operating from an address of 2623 West Oxford Loop, Oxford, Mississippi 38655 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. The Defendant transacts business in this jurisdiction.

11. The Defendant is registered as a debt collector with the Colorado Attorney General, license number 991410.

## FACTUAL ALLEGATIONS

12. The amount the Plaintiff seeks to recover from the Defendant arises out of an alleged debt involving a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. The alleged debt that the Defendant is attempting to collect upon stems from a debt created by Discover Card.

14. The Plaintiff disputes the debt and considers it to be invalid.

15. The Defendant has placed a number of telephone calls to the residence of the Plaintiff.

16. The number that the Defendant calls is not a telephone number that is listed as the Plaintiff's.

17. The Defendant has left numerous messages on the answering machine at the Plaintiff's residence.

18. The answering machine that the messages are left on states in its greeting, "You have Reached Mark Olin, John Webster and Jerry Staley, please leave a message."

19. A reasonable debt collector would easily recognize that the answering machine is shared by a number of different individuals.

20. The messages left by the Defendant state "This message is for Mark Olin. Mark, this is Ms. Ward calling from the attorney's office at Jacob's law group. I need to talk to you and it is important that my call is returned. My number is 877-620-3818. This is an attempt to collect a debt and any information obtained will be used for this purpose. I am a debt collector."

21. Notwithstanding the fact that the answering machine is shared by a number of individuals, the Defendant left the aforementioned message indicating that it was a debt collector, that it was attempting to contact the Plaintiff for the exclusive of purpose of collecting a debt.

22. The message left by the Defendant was listened to by others besides the Plaintiff.

23. Such communication is prohibited by the FDCPA, see 15 U.S.C. §1692c(b).

24. The message caused the Plaintiff embarrassment and such conduct violates the FDCPA, see 15 U.S.C. §1692d.

25. The Defendant's message is misleading insomuch as it attempts to convince the listener that the message is from a lawyer, although the caller was not a lawyer.

26. Such misleading information (impersonating an attorney in an attempt to collect a debt) violates the FDCPA, see 15 U.S.C. §1692e(3).

27. The actions of the Defendant have caused emotional and financial hardship on the Plaintiff and therefore violate numerous and multiple provisions of the FDCPA,

### *Respondeat Superior Liability*

28. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

29. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

30. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

31. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

## COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

34. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

        Respectfully submitted,

        s/Troy D. Krenning
        **Troy D. Krenning, Esq.**
        Gookin, Krenning & Associates, LLC
        770 N. Lincoln Avenue
        Loveland, Colorado 80537
        (970) 292-8290
        Email: troydklaw@msn.com

        s/Jill Gookin
        **Jill Gookin, Esq.**
        Gookin, Krenning & Associates, LLC
        770 N. Lincoln Avenue
        Loveland, Colorado 80537
        (970) 292-8290
        Email: jill@gkalaw.com